Theodore B. Jefferson v. Commissioner.
Jefferson v. Commissioner
Docket No. 322-65.
United States Tax Court
T.C. Memo 1967-151; 1967 Tax Ct. Memo LEXIS 108; 26 T.C.M. (CCH) 709; T.C.M. (RIA) 67151; July 18, 1967
*108 Petitioner purchased his mother's home in order to assist her and with the belief that he could make a profit from its subsequent resale. Petitioner then suffered a loss on such resale. Held: Petitioner has failed to prove that he entered into this transaction primarily for profit. Theodore B. Jefferson, pro se, 8419 Keeler Ave., Skokie, Ill. James E. Caldwell, for the respondent. SIMPSON
Memorandum Findings of Fact and Opinion SIMPSON, Judge: The respondent determined deficiencies in the petitioner's income tax of $788.61 for the taxable year 1961 and $39.40 for the taxable year 1962. The only issue for decision is whether the transaction in which the petitioner purchased *109 his mother's home was a "transaction entered into for profit" so that his loss on the subsequent sale of the home is deductible under section 165 of the Internal Revenue Code of 1954. [1]
Findings of Fact Some of the facts were stipulated, and those facts are so found. The petitioner, Theodore B. Jefferson, and his wife, Elsie R. Jefferson, now deceased, filed their 1961 and 1962 joint Federal income tax returns with the district director of internal revenue, Chicago, Illinois. During the taxable years 1961 and 1962 and at the time the petition was filed in this case, the petitioner resided in Skokie, Illinois. The petitioner has been buying and selling real estate since 1937. In 1953, the petitioner's mother, a widow in her seventies, resided in a home that she owned in Kansas City, Missouri. She worried about the fact that she would someday have to sell her property since she had never participated in a sale of real estate. The petitioner, in order to assist his mother and also with the belief that he could make a profit from its subsequent resale, took an option in 1953 to purchase *110 her home. The petitioner believed that the home was a "good buy". On January 10, 1958, the petitioner exercised the option and purchased the home for a price of $16,500. The petitioner's mother continued living in the home until May of 1960, when she became ill and was moved to the petitioner's home in Skokie, Illinois. No person other than the petitioner's mother ever lived in the Kansas City home, and the home was not converted to rental property prior to its sale. During the time the petitioner owned his mother's home, he improved it by installing a gas furnace, a new driveway, and overhead doors on the garage. The petitioner originally placed the home on the market at a price of $18,500, and on November 27, 1961, he sold the home for $15,750. On his 1961 income tax return, the petitioner listed the cost of the home and subsequent improvements as $17,553.47. He listed the expenses of sale as $1,964.40. The petitioner then claimed a capital loss of $3,767.87 and took a capital loss deduction of $1,000 on each of his returns for the years 1961 and 1962. Opinion The petitioner claims that he is entitled to a capital loss deduction for his loss in the sale of his mother's home. *111 He argues that such a loss is deductible because the purchase and subsequent resale of his mother's home was a "transaction entered into for profit" within the meaning of section 165(c)(2).[2] A transaction entered into for profit has been interpreted to mean one in which the profit motive is the primary motive for entering into the transaction, and it is not sufficient that the profit motive be merely incidental or subordinate to other purposes. Austin v. Commissioner, 298 F. 2d 583 (C.A. 2, 1962), affg. 35 T.C. 221 (1960); Lucia Chase Ewing, 20 T.C. 216 (1953), affd. 213 F. 2d 438 (C.A. 2, 1954). See, Helvering v. Nat. Grocery Co., 304 U.S. 282, 289 fn. 5 (1938). The petitioner had two purposes or motives in purchasing his mother's home. One purpose of the petitioner was to help his mother, and the other purpose was to make a profit from the transaction. The parties disagree as to which of these purposes was primary or predominant. *112 Our task is to inquire into the facts and decide, if we can, what was the petitioner's primary purpose. Austin v. Commissioner, supra. However, since the petitioner has the burden of proof, Burnet v. Houston, 283 U.S. 223 (1931), he must convince us that his primary purpose was to make a profit. The petitioner admits that one of his purposes was to assist his mother. She was relieved of the annoyance and inconvenience involved in a sale of the property at arm's length, and she was allowed to continue to live on the property for more than 2 years without paying any rent. In attempting to decide to what extent these benefits motivated the petitioner, we have some unanswered questions. It occurred to us that he did not need to purchase the property merely to relieve her of the problems of selling it, for that objective could be accomplished by his handling the sale for her; also, he did not have to purchase the property to provide her with a place to live since she already was living there. However, if the petitioner did not purchase the property to spare his mother from having to arrange its sale or to provide her with a place to live, why did he purchase *113 it in 1958? If the petitioner's primary purpose was to acquire the property as an investment, that purpose could have been accomplished by his purchasing the property when his mother came to live with him. Thus, it seems that his purchase of the property in 1958 while his mother continued to reside there was motivated by reasons which are not explained in this record. Without knowing more about those reasons, it is difficult for us to judge to what extent his purchase was motivated by personal considerations. In attempting to evaluate the petitioner's contentions as to his reasons for purchasing the property, we are again handicapped by a lack of evidence. The petitioner tells us that he entered into the transaction with the expectation of making a profit. Most people, when they purchase a residence for their own use, hope or expect to sell it at a profit when they no longer need it. The petitioner must convince us that his situation is different from the customary one; he must show us that his expectation of a profit was what motivated him to purchase the property - not merely that he expected to be able to dispose of the property at a profit when his mother no longer wished to *114 reside there. See, Harold K. Meyer, 34 T.C. 528 (1960). The petitioner says that he owned other properties. If he had established that he bought and sold other properties as an investment, such evidence would tend to support his position in this case, but he has failed to give us sufficient information concerning his other investment - we do not know the number of them or whether they were purchased and held for sale at a profit. The petitioner also tells us that he improved his mother's property, but he has not shown us whether those improvements were made to facilitate his mother's enjoyment of the property or whether they were made to enhance its marketability. Although we have carefully considered the evidence that was presented, we cannot find that the petitioner has proved that his primary purpose for purchasing the property was to sell it at a profit. The personal benefits appear to be substantial, and the evidence supporting a profit motivation is insufficient to show that his desire for a profit was any greater than that of the customary purchaser of property for personal use. Accordingly, we hold that petitioner is not entitled to a deduction for his loss *115 on the sale of his mother's home. In order to reflect the agreement of the parties concerning other adjustments in the notice of deficiency, Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩
2. SEC. 165. LOSSES. (a) General Rule. - There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. * * *
(c) Limitation on Losses of Individuals. - In the case of an individual, the deduction under subsection (a) shall be limited to - * * *
(2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; * * *↩